PERRY M. GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff
Shanghai Walk-Long Tools Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHANGHAI WALK-LONG TOOLS CO., LTD., a Chinese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HONEY-CAN-DO INTERNATIONAL, LLC, an Illinois limited liability company, and STEVEN GREENSPON, an individual,<br><br>Defendants. | **CASE NO. 2:25-cv-272**<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD IN THE INDUCEMENT** |

This is an action for breach of contract and fraud in the inducement in which Plaintiff Shanghai Walk-Long Tool Co., Ltd. ("Walk-Long") makes the following allegations against Honey-Can-Do International, LLC ("HCD") and Steven Greenspon ("Greenspon"). Collectively, HCD and Greenspon are referred to herein as "Defendants."

**THE PARTIES**

1. Walk-Long is a Chinese corporation. Walk-Long's principal place of business is 989 Songhua Road, Qingpu Industrial Zone, Shanghai 201706 China.

2. HCD is an Illinois limited liability company. HCD is headquartered in Illinois.

3. Steven Greenspon is an individual residing in and a citizen of the State of Illinois.

**JURISDICTION AND VENUE**

4. This is an action for breach of contract and fraud in the inducement.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over HCD and Steve Greenspon because the Settlement Agreement that is the basis of the breach of contract claim provides that California law governs and that the Parties consent to personal jurisdiction in California. Moreover, the transactions underlying the Settlement Agreement relate to goods purchased by HCD from Walk-Long that entered the US through the ports of Los Angeles, some of which (on information and belief) HCD has re-sold in California.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) or 1391(b)(3).

**BACKGROUND**

8. Walk-Long is a supplier of goods to HCD. Greenspon is the CEO and sole owner of HCD.

9. During 2023 and 2024, HCD purchased goods from Walk-Long. These purchases corresponded to the following ship dates and amounts:

5/14/2023: $15,400

7/15/2023: $23,100

12/26/2023: $18,480

2/12/2024: $9,240

5/17/2024: $9,240

6/23/2024: $9,240

The total amount of those six orders was $84,700. Payment was due within three months of shipment, but HCD failed to make timely payment.

10. On or about September 18, 2024, Walk-Long's attorney spoke with Greenspon about HCD's debt to Walk-Long, which at that point remained entirely unpaid. Greenspon said that HCD had gotten into serious financial difficulties during the COVID-19 pandemic and claimed he hadn't had a good night's sleep in 2 ½ years. He claimed to have roughly $20 million in trade payables plus a debt of approximately $10 million owed to a lender bank under a secured lending arrangement pursuant to which the bank had a security interest on HCD's accounts receivables (approximately $8-9 million) and inventory (approximately $10 million). According to Greenspon, this debt of approximately $30 million far exceeded HCD's ability to pay the debt. Greenspon stated that HCD was actively exploring the possibility of an assignment for the benefit of creditors, pursuant to which he believed the unsecured creditors (including Walk-Long) would receive substantially less than what they were owed.

11. On or about October 22, 2024, Walk-Long and HCD entered into a Settlement Agreement pursuant to which HCD agreed to pay to Walk-Long the full amount owed but in installments over time. HCD timely made the first payment, but was late with the second payment. After Walk-Long provided HCD with notice of that late payment and an opportunity to cure, HCD made the second payment. Those first two payments totaled $31,000.

12. The third installment payment was due December 6, 2024, but HCD failed to make that payment. Under the Settlement Agreement, Walk-Long was not obligated to provide notice and opportunity to cure after a first instance of lateness, but as a courtesy

Walk-Long reached out to HCD for an explanation. HCD claimed that it did not intend to comply with its obligations under the Settlement Agreement.

13. Under the Settlement Agreement, HCD agreed that if any payment was late, all unpaid installment payments would become due immediately. The unpaid installments total $53,700.

14. Under the Settlement Agreement, the parties also agreed that Walk-Long would be permitted to recover the statutory interest under California law based on the original due dates. As of January 9, 2025, the amount of interest owed to Walk-Long by HCD was approximately $6,300.

15. In addition, HCD agreed that if HCD was late with any of the installment payments it would reimburse Walk-Long for Walk-Long's past and future attorneys' fees incurred in connection with HCD's overdue payments. As of January 9, 2025, the amount of attorneys' fees incurred by Walk-Long was approximately $28,560, part of which has been paid and the remainder of which is contingent upon Walk-Long's recovery of the unpaid amounts owed by HCD.

16. Prior to entering into the Settlement Agreement, Walk-Long explained to HCD and Greenspon that Walk-Long believed that HCD and Greenspon had committed fraud in the inducement in connection with their purchases of goods from Walk-Long because HCD and Greenspon knew when they made their promises to pay that HCD likely would be unable to fulfill those promises. As part of the Settlement Agreement, Walk-Long agreed not to bring any suit against HCD and Greenspon for fraud in the inducement unless HCD was late with any of the installment payments.

## COUNT I (AGAINST HCD)
## BREACH OF CONTRACT
### (California Civil Code sections 1549 & 3300)

17. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-16.

18. The Settlement Agreement is a valid contract under California law.

19. Walk-Long has performed its obligations under the Settlement Agreement. HCD, however, breached the Settlement Agreement by failing to timely make the third installment payment.

20. As a result of HCD's breach, Walk-Long has been damaged in an amount that exceeds $75,000, including the amounts identified above that totaled $88,560 as of January 9, 2025. That total continues to grow as interest accrues and Walk-Long's attorneys' fees grow.

## COUNT II (ALL DEFENDANTS)
## FRAUD IN THE INDUCEMENT
## (CALIFORNIA CIVIL CODE 1572 & 1573)

21. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-20

22. Upon information and belief, when HCD purchased goods from Walk-Long in 2023 and 2024, HCD and Greenspon were aware that HCD likely would be unable to fulfill its promises to timely pay for those goods in full. Rather, HCD and Greenspon were aware that HCD's debts as outlined above far exceeded HCD's ability to pay, yet withheld that information from Walk-Long.

23. Walk-Long relied on HCD's promises to pay and would not have sold the goods to HCD if HCD had told Walk-Long the truth about HCD's inability to satisfy HCD's payment promises.

24. On information and belief, when HCD entered into the Settlement Agreement with Walk-Long, HCD and Greenspon never intended to fulfill HCD's payment obligations.

25. Upon information and belief, HCD and Greenspon made all of the above-promises with intent to deceive and/or with reckless disregard for the truth.

26. As a result of HCD's and Greenspon's false promises, Walk-Long has been damaged in an amount that exceeds $75,000.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. Compensatory damages from HCD for the breach of contract;

b. Compensatory damages from HCD and Greenspon for the fraud-in-the-inducement;

c. Disgorgement of profits from HCD for the fraud-in-the-inducement;

d. Punitive damages from HCD and Greenspon for the fraud-in-the-inducement;

e. Attorneys' fees and costs; and

f. Any other remedy to which Walk-Long may be entitled.

DATED: January 10, 2025

By:   /s/ Perry Goldberg
PERRY GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, California 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff
Shanghai Walk-Long Tools Co., Ltd.